**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **TAKIYA PRUITT**, <br><br> *Plaintiff*, <br><br> v. <br><br> **CREDIT COUNSEL, INC.,** <br><br> *Defendant*. | Case No.: _____ <br><br> *Ad Damnum*:  $3,000 + Fees and Costs <br><br> **Jury Trial Demanded** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Takiya Pruitt**, ("**Ms. Pruitt**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Credit Counsel, Inc.** ("**CCI**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Pruitt against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**") and the Florida Consumer Collection Practices Act, Section 559.55, Florida Statutes, *et. seq.* ("**FCCPA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. §1681p, and the FCCPA, Section 559.77 (1), Florida Statutes.

3. The Defendant is subject to the provisions of the FDCPA, and FCRA, and to the jurisdiction of this Court, pursuant to 28 U.S.C § 1331.

4. The Defendant is subject to the provisions of the FCCPA, and to the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (d), because the acts complained of were committed and / or caused by the Defendant therein and the Defendant's principal place of business is located within the District.

## PARTIES

6. Ms. Pruitt is a natural person and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes.

7. CCI is a Florida corporation with a primary office at **1400 NE Miami Gardens Drive, Suite 216, Miami, FL 33179.**

8. CCI's registered agent in Florida is **Christopher Mihouldes, 1400 NE Miami Gardens Drive, Suite 216, Miami, FL 33179**.

9. CCI is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, in that it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another entity.

10. CCI is licensed as a consumer collection agency by the Florida Office of Financial Regulation.  **SEE PLAINTIFF'S EXHIBIT A.**

## FACTUAL ALLEGATIONS

11. Some time ago, Ms. Pruitt allegedly became indebted to Premiere Center for Cosmetic Surgery ("**Premiere**"), for supposedly unpaid medical services (the "**debt**").

12. The debt arose from services which were primarily for family, personal, or household purposes and meets the definition of "debt" under the FDCPA, 15 U.S.C. § 1692a(5) and the FCCPA, section 559.55(6), Florida Statutes.

13. Around September 2015, the debt was assigned to CCI for collection.

14. Around December 2015, CCI reported the debt to Experian Information Solutions ("**Experian**"), a nationwide consumer credit reporting agency.

15. In early December 2017, Ms. Pruitt disputed CCI's tradeline to Experian, stating it was inaccurate.

16. Experian sent CCI an Automated Consumer Dispute Verification ("**ACDV**") request and asked it to make a reasonable reinvestigation pursuant to the FCRA.

17. Around December 12, 2017, CCI responded to the ACDV and confirmed its information was accurate and that no change should be made to the reporting, and CCI did not instruct Experian to report it as a disputed debt. **SEE PLAINTIFF'S EXHIBIT B.**

18. CCI's investigation was inherently unreasonable since, at the minimum, any reasonable reinvestigation would have concluded that its reported information was no longer accurate and complete unless amended to reflect that the debt was disputed.

19. CCI reported to Experian (and confirmed as accurate) that the amount of the debt currently owed was $1,399. **SEE PLAINTIFF'S EXHIBIT C.**

20. On December 12, 2017, CCI mailed Ms. Pruitt a collection letter stating "(w)e have been notified by Experian that you have challenged the files assigned by CCI. We have confirmed with Experian that it is a valid claim and it will remain on your credit report. If you wish to discuss a resolution to this matter, including potentially removing it from your credit report, feel free to contact the representative listed below." **SEE PLAINTIFF'S EXHIBIT D**

21. The letter also stated, "Past Due Balance: 2,168.50." *Id*.

22. Thus, while reporting only $1,399 was owed in its reports to Experian, CCI attempted to collect $2,168.50 from Ms. Pruitt.

23. Presumably, this higher number was the result of interest or other fees unilaterally imposed by CCI.

24. No contract allowing for CCI to add interest to an outstanding principal amount exists.

25. No applicable law in the appropriate jurisdiction allows for a debt collector to add interest or fees, absent express written agreement.

26. The amount claimed as owed by CCI against Ms. Pruitt is not the result of a civil judgment.

27. An unsophisticated consumer, upon seeing CCI report to Experian $1,399 owed but then attempt to collect $2,168.50 from her a few days later, would conclude that the balance had increased as the result of her dispute of the debt, and that CCI was taking punitive action against her for disputing the debt to Experian.

28. An unsophisticated consumer would also be placed at a disadvantage in determining what step(s), if any, she should take regarding the debt, when two substantially different amounts of debt, $1,399 and $2,168.50, were presented to her within a week.

29. The letter offered no explanation as to why the debt had increased from $1,399 in November 2017 to $2,168.50 in December.

30. CCI's letter did not state it had confirmed *to* Experian the debt was valid, but rather stated that it had confirmed *with* Experian the debt was valid.

31. An unsophisticated consumer, reading CCI's letter stating CCI has "confirmed <u>with</u> Experian that it is a valid claim and it will remain on your credit report" would be lead to believe that CCI asked Experian to verify the debt was accurate, and that Experian, a CRA, had made such a verification.

32. An unsophisticated consumer, reading CCI's letter stating this, would be lead to believe that disputing the debt to Experian was futile since Experian itself believed the debt was accurate and that CCI made its credit reporting decisions based on what Experian believed to be true.

33. An unsophisticated consumer, reading CCI's letter stating CCI has "confirmed <u>with</u> Experian that it is a valid claim and it will remain on your credit report" would believe that Experian and CCI had conducted a joint investigation of the matter.

34. In reality, no such coordinated effort looking into the details of the alleged debt and Ms. Pruitt's dispute occurred.

35. Instead, Experian sent an automated notice, and CCI simply responded the information was accurate without actual verification.

36. CCI's letter fundamentally misrepresents the dispute resolution process with Experian, wherein Experian requires the furnisher of data to make its own independent investigation into the dispute and report its results back to Experian.

37. An unsophisticated consumer, reading CCI's letter, stating that Experian had informed CCI about the dispute, that Experian had supposedly determined the debt was valid, and that CCI had the ability to remove the information from her Experian file, so long as Ms. Pruitt paid what CCI demanded, would believe that CCI is employed by Experian.

38. CCI's letter implies that CCI can, and will, remove the collection tradeline from Ms. Pruitt's Experian credit report if she settles the alleged debt.

39. In reality, CCI has no ability to remove anything from Ms. Pruitt's credit file, and can only *request* Experian delete its tradeline.

40. However, the CRAs prohibit a debt collector from requesting deletion of a previously-reported tradeline when that request is solely motivated by the consumer's payment of the debt; see *Credit Reporting Resource Guide*, stating "Note: In order to maintain the integrity of credit information, it is important that data furnishers not ask for a subsequent deletion of account history unless an actual error was reported. Paid derogatory accounts, such as collections, should be reported as paid; they should not be deleted." **SEE PLAINTIFF'S EXHIBIT E.**

41. Thus, a request to delete a valid collection account simply because the consumer paid it may not be honored by the CRAs as it is contrary to their written policies.

42. At no point in its letter did CCI state it would disclose the debt was disputed in its communications with Experian, despite clear threat to continue communicating information about the debt to Experian. **SEE PLAINTIFF'S EXHIBIT D**.

43. Reporting a debt to a CRA is an attempt to collect the debt alleged therein.

44. CCI's letters to Ms. Pruitt and its reports to Experian were "communications" as defined by 15 U.S.C. § 1692a(2).

45. Ms. Pruitt has hired the aforementioned law firm to represent her in this matter and is obligated to pay its reasonable fees.

## COUNT I
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, *et. seq.*

46. Ms. Pruitt adopts and incorporates paragraphs 1 – 45 as if fully stated herein.

47. CCI violated **15 U.S.C. § 1692e and 1692e(10)** when it used misleading and deceptive means to attempt to collect a debt by:

   a) claiming in its December 2017 letter that $2168.50 was owed, while simultaneously reporting to Experian $1,399 was owed,

    b) claiming in its December 2017 it could remove a collection tradeline from Ms. Pruitt's Experian report when it could not,

    c) claiming that it had consulted Experian regarding the debt and Experian validated the accuracy of the debt, and

    d) failing to explain in its letter how the debt jumped from $1,399 to $2,168.50 within a few weeks.

48. CCI violated **15 U.S.C. § 1692e(2)(a)** when it made a false representation about the character, amount and legal status of a debt of a debt by claiming in its December 2017 letter that $2168.50 was owed, while simultaneously reporting to Experian $1,399 was owed, leaving the consumer in doubt as to the amount claimed as owed.

49. CCI violated **15 U.S.C. § 1692e(8)** when it communicated credit information known to be false, to wit, it communicated within a matter of weeks that the amount of the debt was both $1,3999 and $2,168.50, and it knew that these statements could not both possibly be true.

50. CCI violated **15 U.S.C. § 1692e(8)** when it threatened to communicate credit information known to disputed, without disclosure that the debt was disputed, in its December 2017 letter to Ms. Pruitt.

51. CCI violated **15 U.S.C. § 1692e(16)** when it implied in its letter that it was employed by Experian, a major nationwide CRA, when it was not, and CCI is only one of hundreds of thousands of data furnishers to Experian, and enjoys no special relationship with it.

52. CCI violated **15 U.S.C. § 1692f** when it utilized unfair means to collect a debt by:

    a) claiming in its December 2017 letter that $2168.50 was owed, while simultaneously reporting to Experian $1,399 was owed,

    b) claiming in its December 2017 it could remove a collection tradeline from Ms. Pruitt's Experian report when it could not, and it knew it could not,

    c) claiming that it had consulted Experian regarding the debt and Experian validated the accuracy of the debt when it knew it had done no such thing, and

    d) failing to explain in its letter how the debt jumped from $1,399 to $2,168.50 within a few weeks.

53. CCI violated **15 U.S.C. § 1692f(1)** when it added fees not authorized by law or contract to the $1,399 debt, and then claimed $2,168.50 was actually owing.

54. CCI's actions were willful and intentional, or done with a reckless disregard for the consumer's rights under the FDCPA.

55. CCI's conduct renders her liable for the above-stated violations of the FDCPA.

**WHEREFORE,** Ms. Pruitt respectfully requests this Honorable Court enter judgment against CCI for:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    b.    Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FCCPA - Section 559.55, Florida Statutes, *et. seq.*

56. Ms. Pruitt adopts and incorporates paragraphs 1 – 45 as if fully restated herein.

57. CCI violated section **559.72(9)**, Florida Statutes, in that it asserted a right which does not exist, to wit, the addition of interest or fees without contractual or legal basis, when they mailed Ms. Pruitt a letter in December 2017 claiming $2,168.50 was owed on a purported $1,399 debt.

58. CCI violated section **559.72(9)**, Florida Statutes, in that it asserted a debt was legitimate when it knew it was not, to wit, that $2,168.50 was due, when this figure represented the application of interest or fees not authorized by law, and CCI was aware of this, but attempted to collect it anyway.

59. CCI's actions were willful and intentional, or done with a reckless disregard for the consumer's rights under the FCCPA.

60. By its conduct, CCI is liable for the above-stated violations of the FCCPA.

**WHEREFORE,** Ms. Pruitt respectfully requests this Honorable Court enter judgment against CCI for:

   a. Statutory damages of $1,000 pursuant to Section 559.77(2), Florida Statutes;

   b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

   c. Equitable relief enjoining the defendants from any further violation of the FCCPA;

   d. Reasonable costs and attorney's fees pursuant to pursuant to Section 559.77(2), Florida Statutes; and,

   e. Such other relief that this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FCRA-- 15 U.S.C. § 1681, *et. seq.*

61. Ms. Pruitt adopts and incorporates paragraphs 1 – 45 as if fully restated herein.

62. CCI's conduct violated 15 U.S.C. § **1681s-2(b)(1)(A)-(C)** in that it failed to make a reasonable reinvestigation after notice of dispute from a CRA.

63. CCI was well aware it was confirming a debt as non-disputed which it knew to be disputed, but did not update, modify or otherwise alter its reporting to reflect this.

64. CCI's failures were intentional and willful, or, in the alternative, show a reckless disregard for its duties under the FCRA.

65. CCI could reasonable foresee that falsely reporting a disputed debt as non-disputed would cause harm to Ms. Pruitt.

66. As a result of its conduct, CCI is liable to Ms. Pruitt for statutory damages of up to $1,000 for each occurrence, and other relief.

**WHEREFORE,** Ms. Pruitt respectfully requests this Honorable Court enter judgment against CCI for:

a. The greater of statutory damages of $1,000.00 per incident or Ms. Pinckney's unspecified actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Pruitt demands a trial on all issues so triable.

Respectfully submitted this 31st of January 2018, by:

/s/Thomas M. Bonan
Thomas M. Bonan
Florida Bar Number: 118103
Seraph Legal, P. A.
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
(813) 567-1230
tbonan@seraphlegal.com
Counsel for Plaintiff

## ATTACHED EXHIBITS

- EXHIBIT A – Defendant's Consumer Collection Agency License for Florida
- EXHIBIT B – Experian's Consumer Dispute Investigation Results dated 12/12/2017
- EXHIBIT C – Excerpt from Plaintiff's Experian Consumer Disclosure dated 12/21/2017
- EXHIBIT D – Defendant's Correspondence to Plaintiff date 12/14/2017
- EXHIBIT E – Excerpt from *Credit Reporting Resource Guide*